(No. 1909—■■■■■■■)

Mary Agnes Jefferson, Administratrix of the Estate of Ressie Banks, alias Jesse Banks, Claimant, vs. State of Illinois, Respondent.

*Opinion filed November 13, 1934.*

Adams & Baker, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks to recover for the death of Jesse Banks, a feeble minded person, while an inmate of the Chicago State Hospital, alleged to be operated by respondent. Claimant avers that said Jesse Banks was properly and duly committed to said institution and had been treated for a long time therein as a mental defective, and that it was the duty of the State to furnish reasonable and proper guards to prevent the escape of any inmate and to furnish skillful physicians, surgeons and medical attendants for same; that on the 7th day of June, 1930, said Jesse Banks was not mentally capable of caring for himself and was in the care and custody of the employees of respondent, that he was negligently permitted to walk out of the institution onto the public streets and highways; that in so doing, he approached a citizen upon the streets and was mistaken for a person with criminal intent and was shot and killed by some person on the streets; that plaintiff was put to a large amount of funeral expenses and has been deprived of the company, association and friendship of said inmate, for all of which she seeks an award in the sum of $10,000.00.

The Attorney General has filed a motion to dismiss the claim for the reason (1) that the Statute giving a right of action for wrongful death requires that suit be brought within one year thereafter and that in this case the death occurred June 7, 1930, and the claim was not filed until June 7, 1932; (2) that the Statute gives a right of action only for the benefit of the widow and next of kin and the declaration herein makes no mention of any widow or next of kin or basis of legal right existing in claimant; (3) that the claim is incomplete in that it does not conform to rule eight of the Court of Claims,

which requests an Administrator to file with his claim an authenticated copy of the record of his appointment as Administrator.

The objections raised by the Attorney General are well founded.

In the absence of a Statute, the State is not liable for injuries claimed to have been sustained as the result of negligence of its employees.

*Minear* vs. *State Board, etc.,* 259 Ill. 549.

In the conduct of a charitable institution, the State exercises a governmental function, and is not liable to respondent in damages for the negligence of its officers, agents or employees, and the doctrine of *respondeat superior* does not apply.

*Sturrock, Admrs.* vs. *State,* 7 C. C. R. 157.

The further objection by the Attorney General that the claim has not been filed within one year after the death of Jesse Banks raises a further bar to the allowance of any claim.

Sections 1 and 2, Chapter 70, Cahill's Illinois Revised Statutes, 1933.

The complaint is further objectionable in that it fails to show that said action is brought for the benefit of those for whom such remedies could be legally sought.

The motion to dismiss is allowed.

Claim dismissed.